IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| HAKIM BOND, | : | |
| Plaintiff | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | NO. 17-2962 |
| STEPHEN T. O'HANLON, | : | |
| Defendant | : | |

MEMORANDUM

JONES, J.   OCTOBER /6, 2017

Plaintiff Hakim Bond, a prisoner at the State Correctional Institution at Mahanoy, brings this civil action pursuant to 42 U.S.C. § 1983 against the attorney representing him in his state court post-conviction relief proceedings. Plaintiff seeks to proceed *in forma pauperis*. For the following reasons, the Court will grant plaintiff leave to proceed *in forma pauperis* and dismiss his complaint.

I.   FACTS

The Court understands plaintiff to be claiming that his PCRA counsel is ineffective and discriminated against him, and that his PCRA counsel defamed his father and violated his father's rights to due process and equal protection under the law. He also appears to allege that his trial and appellate counsel were ineffective. A review of public dockets reflects that plaintiff was convicted of first degree murder and related offenses in the Philadelphia Court of Common Pleas and ultimately sentenced to thirty-five years to life in prison.[1] *See Commonwealth v. Bond*, Docket No. CP-51-CR-0007714-2009 (Phila. Ct. Common Pleas). Plaintiff is currently awaiting

---

[1] Plaintiff was sentenced in 2012 to a term of life without the possibility of parole, but was resentenced in 2015 to a term of thirty-five years to life in prison. *See Commonwealth v. Bond*, Docket No. CP-51-CR-0007714-2009 (Phila. Ct. Common Pleas).

1

a decision on his post-conviction relief petition in state court. *See id.* In the instant civil action, plaintiff seeks $200,000 in damages and a court order requiring his attorney to give him a written apology and withdraw from representing him in the PCRA proceedings.

## II.     STANDARD OF REVIEW

The Court grants plaintiff leave to proceed *in forma pauperis* because it appears that he is not capable of paying the fees to commence this civil action.[2] Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) applies, which requires the Court to dismiss the complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). The Court may also consider matters of public record. *Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006). As plaintiff is proceeding *pro se*, the Court construes his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

## III.    DISCUSSION

To the extent plaintiff is raising claims on his father's behalf based on harm sustained by his father, his claims fail. "[A] plaintiff must assert his or her own legal interests rather than those of a third party" to have standing to bring a claim. *Twp. of Lyndhurst, N.J. v. Priceline.com, Inc.*, 657 F.3d 148, 154 (3d Cir. 2011) (quotation omitted). Plaintiff alleges that his PCRA attorney defamed his father and violated his father's constitutional rights, but plaintiff

---

[2] However, as plaintiff is a prisoner subject to the Prison Litigation Reform Act, he will be obligated to pay the filing fee in installments pursuant to 28 U.S.C. § 1915(b).

2

does not have standing to pursue those claims. Accordingly, the Court will dismiss them without prejudice.

The claims against plaintiff's PCRA attorney that he raised on his own behalf fail on their merits. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). Section 1983 is not applicable here because plaintiff's attorney is not a state actor. *See Polk Cnty. v. Dodson*, 454 U.S. 312, 325 (1981) ("[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding.") (footnote omitted); *Angelico v. Lehigh Valley Hosp., Inc.*, 184 F.3d 268, 277 (3d Cir. 1999) ("Attorneys performing their traditional functions will not be considered state actors solely on the basis of their position as officers of the court."). These claims are dismissed with prejudice.

Additionally, plaintiff's claims regarding his displeasure with his PCRA attorney's performance may not be pursued under § 1983. First, "a state prisoner's § 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—if success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson v. Dotson*, 544 U.S. 74, 81–82 (2005) (emphasis omitted). As plaintiff's conviction and sentence have not been reversed, expunged, or otherwise invalidated, his damages claims are currently not cognizable under § 1983. Second, this Court may not intervene in plaintiff's state criminal proceeding. *See Younger v. Harris*, 401 U.S. 37,

43–44 (1971). Accordingly, if plaintiff seeks a new post-conviction attorney, he must raise that issue with the state court.

## IV. CONCLUSION

For the foregoing reasons, the Court will dismiss plaintiff's complaint for failure to state a claim, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Plaintiff will not be given leave to amend because amendment would be futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 112–13 (3d Cir. 2002).

An appropriate order follows.